## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**KARI DEAN,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0960** (BOR Appeal No. 2047144)
             (Claim No. 2011004033)

**MCKINLEY & ASSOCIATES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Kari Dean, by William Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McKinley & Associates, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2012, in which the Board reversed a March 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 6, 2010, decision which denied compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dean, an architectural designer, alleges she developed carpal tunnel syndrome and a rotator cuff tear in the course of her employment as the result of repetitive computer use. An electromyography performed in April of 2010 confirmed the presence of carpal tunnel syndrome in her right wrist. The treatment note of John Pierson, M.D., indicated that Ms. Dean spends at least eight hours a day using a keyboard and mouse. In his examination on December 14, 2010, he diagnosed her with a torn rotator cuff. He determined that the condition was the result of long-term repetitive motion as opposed to a traumatic injury.

1

It was the opinion of Ms. Dean's treating physician, Melissa Gamponia, M.D., that her conditions were directly related to her employment. She stated that Ms. Dean did not have any underlying conditions that have been recognized as contributing to the development of carpal tunnel syndrome. She also determined that Ms. Dean did not participate in hobbies that could have resulted in the condition. Her condition was attributed to repetitive motion in the course of her employment. Dr. Gamponia did admit, however, that it was possible that Ms. Dean's lifting of boxes and computer equipment in the course of her employment contributed to her rotator cuff injury.

William Hennessey, M.D., reviewed the case and determined that there was insufficient evidence to support the conclusion that Ms. Dean suffered from carpal tunnel syndrome. He noted that the electromyography was not provided for his review. He also noted that Ms. Dean had a low risk factor profile for the condition. He stated that to the highest degree of medical certainty, her occupational duties would not and could not cause the development of carpal tunnel syndrome.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 26, 2011. In his report, he diagnosed Ms. Dean with borderline right carpal tunnel syndrome. He determined that the cause of the condition was idiopathic and therefore not related to her occupation. He stated that his opinion was based upon a review of relevant literature which indicated that there is not a causal connection between carpal tunnel syndrome and computer use. In a supplemental report, he opined that Ms. Dean did not sustain an occupational injury to her right shoulder. It was his opinion that computer use would not cause the development of an injury to the shoulder.

The claims administrator denied compensability of the claim in its August 6, 2010, decision. The Office of Judges reversed its decision in its March 28, 2012, Order. The Office of Judges questioned the opinion of Dr. Mukkamala. It determined that his opinion was based upon a review of relevant literature as well as Ms. Dean's previous injuries. The Office of Judges determined that she did not report experiencing shoulder pain until 2010. The Office of Judges also questioned the opinion of Dr. Hennessey. It found that he also based his opinion upon relevant literature. The most recent reference he cited was seven years old. Based upon a preponderance of the evidence, the Office of Judges concluded that the claim was compensable for right carpal tunnel syndrome and right rotator cuff tear.

The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision denying compensability in its July 31, 2012, decision. The Board of Review concluded that Ms. Dean's occupational duties do not fall into the high risk categories for carpal tunnel syndrome listed in West Virginia Code of State Rules § 85-20-41.5 (2006). It found that Dr. Mukkamala concluded that her carpal tunnel syndrome was not work-related. He opined that the prevailing medical literature states that carpal tunnel syndrome is not causally related to repetitive computer use. He noted that half of all carpal tunnel cases are idiopathic in origin. Dr. Hennessey also found that Ms. Dean's occupational duties would not and could not cause the development of carpal tunnel syndrome. The Board of Review determined that Dr. Mukkamala's opinion was credible.

This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Dean's occupation does not fall into any of the high risk categories listed in West Virginia Code of State Rules § 85-20-41.5 that are associated with carpal tunnel syndrome. A preponderance of the evidence indicates that she did not develop a rotator cuff tear or carpal tunnel syndrome in the course of her employment. The decision of the Board of Review is supported by the evidentiary record and is therefore affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified

3